SMITH, KLINE & FRENCH COMPANY, PLAINTIFF, v. GEORGE T. FREEMAN, DEFENDANT.

Submitted December 5, 1918—Decided March 3, 1919.

1. When a promissory note complete and regular upon its face was taken by the plaintiff, before maturity, in good faith and for value, and without notice of any infirmity in the note or defect in the title of the person negotiating it, the plaintiff is a holder in due course.

2. When a promissory note has been materially altered and is in the hands of a holder in due course, not a party to the alteration, he may enforce payment thereof according to its original tenor.

3. A verdict which is contrary to the law of the case as declared in the charge of the court will be set aside on a rule to show cause.

On plaintiff's rule to show cause why verdict should not be set aside.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the rule, *Nathaniel C. Toms.*

*Contra, King & Vogt.*

The opinion of the court was delivered by

TRENCHARD, J.   The plaintiff sued upon a promissory note made by the defendant to the Guarantee Food Company, and by the latter transferred by endorsement to the plaintiff.

The defence was that the note was made for $55 and was thereafter altered by the agent of the payee to $550 without the assent of the defendant.

The verdict was for the defendant.

We are of the opinion that the verdict was contrary to the law of case as declared in the charge of the court.

The trial judge seems to have assumed that the evidence showed conclusively that the note was complete and regular on its face, and was taken by the plaintiff, before maturity, in good faith and for value in the regular course of business, and without notice of any infirmity in the note or defect in title of the Guarantee Food Company. Accordingly, he instructed the jury that the plaintiff was a holder in due course. Of course, if such assumption as to the facts was right, the instruction was right, for it was correct in law. *Comp. Stat.,* p. 3741, § 52.

The judge, however, considered that it was open to the jury to find from the evidence, if they saw fit, that the note had been altered from $55 to $550 by the agent of the payee without the assent of the maker before it was negotiated to the plaintiff. That question he therefore submitted to the jury, and in connection therewith charged that when a note has been materially altered, and is in the hands of a holder in due course, not a party to the alteration, he may enforce payment according to the original tenor. That was correct in law. *Comp. Stat.,* p. 3749, § 124.

Finally, the judge instructed the jury to determine from the evidence whether or not the note was altered from $55 to $550; that if it was altered the plaintiff could recover $55 only; that if not altered the plaintiff should recover $550 with due allowance for interest.

It is, therefore, manifest that the verdict for the defendant was contrary to the law of the case as declared in the charge of the court and must be set aside for that reason.

The other reasons assigned we have not considered.

The rule will be made absolute.